UNITED STATES of America,

v.

**Jose Rodriguez SOSA, et al., Defendants.**

No. 97–257 (HL).

United States District Court,
D. Puerto Rico.

Dec. 6, 1999.

Ricardo R. Pesquera–Annexy, Orlando, FL, for Angel Manuel Alfonso, defendant.

Francisco Acevedo–Padilla, Acevedo Law Office, Edif. Asociacion de Maestros, Hato Rey, PR, for Angel Hernandez–Rojo, defendant.

Juan M. Masini–Soler, San Juan, PR, for Juan Bautista–Marquez, defendant.

Jesus Santiago–Malavet, Santurce, PR, Luis A. Delgado–Rodriguez, Edif IBM, Hato Rey, PR, Manuel Vazquez, Coral Gables, FL, for Francisco Secundino Cordova, defendant.

Howard M. Srebnick, Black, Srebnick & Kornspan, P.A., Miami, Fl, for Jose Antonio Llamas, Jose Rodriguez, defendants.

Jose M. Quinon, Quinon and Strafer, Miami, Fl, Ricardo L. Rodriguez–Padilla, San Juan, PR, for Alfredo Domingo–Otero, defendant.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion by Defendant José Rodríguez Sosa ("Rodríguez") to dismiss the indictment, conduct discovery, and recuse all the judges in this Court. Rodríguez' requests revolve around the status of the appointment of Guillermo Gil as interim United States Attorney in this district. He argues that Gil's appointment is unconstitutional and that therefore the indictment is null and void. He also seeks to conduct extensive discovery to obtain, among other things, information from Gil on the extent, if any, of his participation in this case; from all the judges in this district evidence of their role in the appointment of Gil; from Attorney General Janet Reno documentation pertaining to Gil's appointment, the scope of his powers as interim U.S. Attorney, a copy of the oath that Gil swore to when he was appointed, and the transcript of his swearing in ceremony; from F.B.I. Director Louis Freeh all documents relating to his communications with the judges of this district regarding Gil's position; and from Jeffrey Farrow, of the White House's Interagency Group on Puerto Rico, all correspondence or other documents on requests that President Clinton not appoint a permanent U.S. Attorney and that he allow Gil to remain as interim U.S. Attorney. Rodríguez moves to have all the judges in this district recuse themselves from ruling on these issues.

### 1. Motion for recusal

The constitutional, recusal, and discovery issues raised in the present motion have already been ruled on by Judge Fusté in two comprehensive opinions, see *United States v. Santana,* 83 F.Supp.2d 224 (D.P.R.); *United States v. Sotomayor Vazquez,* 69 F.Supp.2d 286 (D.P.R.1999), and the Court adopts their holdings and applies them to the present motion.[1] Those two opinions denied the requests to hold Gil's appointment to be unconstitutional, to dismiss the indictments, and to allow for discovery on this issue. The Court finds these rulings on those matters to be wholly applicable to the present case.[2] The Court supplements those two opinions with the following holdings and comments.

The President appoints U.S. Attorneys, who must be approved by the Senate. 28 U.S.C. § 541. In 1993, after the U.S. Attorney for this district resigned, Janet Reno appointed Charles Fitzwilliam as temporary U.S. Attorney for Puerto Rico, pursuant to 28 U.S.C. § 546(a). When Fitzwilliam's 120–day appointment expired, the judges of this district appointed Gil, pursuant to 28 U.S.C. § 546(d), to serve until the position was filled. The judges of this court made this appointment wholly as an administrative matter. Rodríguez insinuates that since the date of Gil's appointment, the judges have had some kind of supervisory or oversight role over him. This is completely false. Other than the appointment of Gil pursuant to section 546(d), the judges of this Court have exercised absolutely no supervisory, managerial, or administrative functions over him or over his running of the U.S. Attorney's Office. Gil's appointment under section 546(d) was *functus officio,* and this Court has had absolutely no oversight or control over the U.S. Attorney's Office

---

**1.** The Court takes judicial notice of the ruling in *United States v. Santana.* See Fed.R.Evid. 201.

**2.** In fact, it appears that Rodríguez' motion in the present case is an exact copy of the mo-

tion filed in *United States v. Santana,* 83 F.Supp.2d 224 on this issue.

since that act. Section 546(d) merely grants discretion to the District Court to make an interim appointment. Once this discretion has been exercised by the Court, the Court's function in connection with the office of the United States Attorney is fulfilled. No other powers are allotted to the Court. Once Gil took office, the Court had no authority to vacate his appointment. The supervision of his position, as well as his tenure, lies entirely with the executive branch.

Having laid out this factual predicate, the Court precedes to a ruling on the motion. First, the motion suffers from a procedural defect: it is untimely. The deadline for filing dispositive motions in this case was May 20, 1999. *See* docket no. 197. Rodríguez filed this motion on November 10, 1999, almost six months after the deadline. A court may set a time for the filing of pretrial motions, including motions to suppress. Fed.R.Crim.P. 12(c); *United States v. Nunez*, 19 F.3d 719, 722 n. 7 (1st Cir.1994). A party's failure to comply with this deadline will constitute a waiver of the issues raised. Fed. R.Crim.P. 12(f). A court may, in its discretion, grant relief from this waiver only "for cause shown." *United States v. Gomez–Benabe*, 985 F.2d 607, 611 (1st Cir. 1993); *see also United States v. Denman*, 100 F.3d 399, 402 (5th Cir.1996); *United States v. Matta–Ballesteros*, 71 F.3d 754, 766 (9th Cir.1995). In his motion, Rodríguez makes no attempt to show cause why this motion was filed after the deadline. Because he has not shown cause why the Court should consider this motion, it is denied on the grounds that it is untimely.[3]

Even if the motion were timely, the Court would be compelled to deny it. Rodríguez requests that the Court first rule on his motion for recusal. He argues that his motion to dismiss is based on the alleged involvement by the judges of this Court in Gil's appointment, that the judges will be required to testify at a hearing on this matter, and that therefore they should recuse themselves from ruling on this matter. In support of this argument Rodríguez attaches an affirmation of Attorney Maria Sandoval in which she alleges, among other things, that the judges assumed an active role in the evaluation of candidates for the U.S. Attorney position; that the judges expressed their dissatisfaction with the other candidates for this spot and communicated their desire that Gil remain as interim U.S. Attorney for as long as possible; that they met with FBI Director Louis Freeh to discuss this matter; that the judges supported Gil in part because of his political affiliation; and that in 1998 they considered the possibility of removing him. Sandoval states in her affirmation that she obtained this information from conversations she has had with unidentified persons, none of whom were judges or employees of the Clerk's Office.[4]

In his motion, Rodríguez initially states that he seeks recusal under both subsections of 18 U.S.C. § 455. However, he makes arguments only under subsection 455(a). That provision requires disqualification "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 18 U.S.C. § 455(a). A determination of the propriety of recusal under section 455(a) inevitably turns on the facts of the particular case. *In re United*

---

3. Although Rodríguez may argue that his claim is a jurisdictional one, the First Circuit has recently disagreed with this characterization. *See United States v. Colon–Munoz*, 192 F.3d 210, 217–18 (1st Cir.1999).

4. Sandoval also alleges that many members of the defense bar have hesitated to raise this issue out of fear of incurring the wrath of either Gil or the judges of this district. The Court finds this assertion to be highly incredible. There are a number of defense lawyers in this district who have shown themselves to be more than willing to vigorously challenge both the actions of the U.S. Attorney's Office and the rulings of this Court. These lawyers are not wallflowers. The fact that they have not made the arguments that Sandoval does now is surely owing to something other than fear of retribution.

*States,* 158 F.3d 26, 28 (1st Cir.1998). A judge should step down only when the charge is supported by a factual basis and "the facts provide what an objective, knowledgeable member of the public would find to be a *reasonable basis* for doubting the judge's impartiality." *Id.* at 30 (quoting *In re United States,* 666 F.2d 690, 695 (1st Cir.1981) (emphasis in original, internal quotations omitted)). Under this section, a judge is not compelled to accept as true a party's allegations made in support of the request for recusal. *In re Martinez–Catala,* 129 F.3d 213, 220 (1st Cir. 1997). The judge whose recusal is sought makes the factual determinations on this issue. *Id.*

█ Recusal requires more than "subjective fears, unsupported accusations, or unfounded surmise." *United States,* 158 F.3d at 30. Unsubstantiated tenuous speculation will not suffice. *Martinez–Catala,* 129 F.3d at 220. A party seeking recusal must present something more than unverified suspicions or innuendo of a sinister alliance. *United States,* 158 F.3d at 31–33. A judge should not recuse himself based on unfounded insinuations. *Id.* at 35. Recusal is not a tool which a party can utilize with adroit uses of speculation and surmise. *Id.*

Unfortunately, counsel for Rodríguez resorts almost exclusively to the use of innuendo and surmise in his attempt to lay a foundation for recusal. In Attorney Sandoval's affirmation regarding Gil's appointment and the alleged role of the judges in the oversight of his position, she states that her sources of information were not judges. Thus, she obtained information from people who themselves did not have personal knowledge of these matters. This means that her information is, at best, double hearsay. It is not admissible evidence, and the Court gives it no credence. These second or thirdhand rumors cannot serve as a basis for recusal. *See United States,* 158 F.3d at 30–33; *Martinez–Catala,* 129 F.3d at 220.

Additionally, many of the allegations in the affirmation are completely false. In his opinion in *United States v. Santana,* 1999 WL 1191438 Judge Fusté pointed out a number of the misrepresentations that Attorney Sandoval made in her affirmation. The Court today makes reference to two more. First, the Court at no time has lobbied any politician, official, or member of the Clinton administration to ensure that Gil be allowed to continue as interim U.S. Attorney. Second, the Court certainly has never sought to have Gil continue as U.S. Attorney because of his political affiliation.

Rodríguez maintains that recusal is necessary in order to uphold judicial integrity, ensure the fair administration of justice, and maintain confidence in the federal judiciary. These are certainly lofty principles. However, they would in no way be served if the Court were to grant the request for recusal. To do so would be to lend credence to the spurious and unfounded rumors contained in Sandoval's affirmation. If the Court were to hold that Sandoval's affirmation constituted grounds for recusal, any future litigant unhappy with the judge to whom his case was assigned could simply submit a statement similarly laced with innuendo and prevarications. The Court will not countenance such attempted manipulations of the judicial system. To allow such machinations would detract from judicial integrity, impede the fair administration of justice, and lessen confidence in the federal judiciary. Fair administration of justice and confidence in the judiciary would be eroded by a recusal based on innuendo, prevarications, and unfounded rumors, just as they would be eroded by a refusal to recuse when the circumstances properly warranted it.

The allegations on which Rodríguez relies would not be admissible in a trial. Additionally much of them are false. The judges of this district have had no supervisory or oversight role of Guillermo Gil in his work as U.S. Attorney. Their only administrative connection was the initial

appointment done *functus officio* pursuant to section 546(d). These facts could not be found by a knowledgeable member of the public to be a reasonable basis to question the undersigned's impartiality in this matter. *See United States*, 158 F.3d at 30. Accordingly, the motion for recusal must be denied.

### 2. Motion to dismiss the indictment

Rodríguez raises two other matters in his motion. One of them is the constitutionality of Gil's appointment. Judge Fusté has adequately addressed these arguments in his previous opinions on this subject. As discussed above, the Court adopts those rulings in their entirety. The arguments that Gil's appointment is unconstitutional and that the indictment should therefore be dismissed are hereby denied.

■ The Court recognizes that the constitutional issue which Rodríguez raises is not a trivial one. Rodríguez has, however, chosen to rely on the allegations in Sandoval's affirmation to support his argument. This is completely unnecessary. The allegations in Attorney Sandoval's affirmation are irrelevant to the issue of whether U.S. Attorney Guillermo Gil's appointment is constitutional, either facially or as applied. These issues are legal ones, and Sandoval's resort to spurious allegations and falsehoods adds nothing to the resolution of the constitutionality of Gil's appointment. The legal issues are the same regardless of the person appointed under section 546(d). The needlessness of these tactics is apparent by a comparison with the *amicus curae* brief which Defendant appends to his motion. The *amicus* brief demonstrates the proper way to make these legal arguments: in a professional and ethical manner, without the use of unfounded rumors or unsupported allegations.

### 3. Motion for discovery

Lastly, Rodríguez seeks to conduct extensive discovery on the judges of this district, Attorney General Janet Reno, FBI Director Louis Freeh, and Jeffrey Farrow of the White House's Interagency Group on Puerto Rico. Because the Court above denies the motions for recusal and for dismissal of the indictment, the requested discovery is therefore moot. The Court finds it necessary, however, to make the following observations on this discovery request. Defendant would compel the judges of this district and the above-named officials to produce extensive documentation regarding Gil's position. Space considerations prevent the Court from listing all the items that Rodríguez seeks to discover. Among the information sought is Gil's role in witness protection programs; whether Gil was apprized of the status of the present case orally or in writing; copies of the oaths that Gil swore to when he was sworn in as a trial attorney with the U.S. Department of Justice and when he was sworn in as interim U.S. Attorney; and the transcript of his swearing-in ceremony.

The Court is constrained to see what relevancy, if any, such requested information would have on the question of whether section 546(d) or Gil's appointment is constitutional. As explained by the Court in section 2 above, the constitutionality issue is a legal one. Its resolution does not require the burdensome and abusive discovery requests that Defendant is making. The nature of this purposeless request leads the Court to conclude that this motion for discovery constitutes a bad faith attempt to harass the judges of this district, Janet Reno, Louis Freeh, and Jeffrey Farrow with burdensome requests for documentation, most of which—if not all—is irrelevant to the present controversy. Furthermore, this request is based on Attorney Sandoval's affirmation, whose deficiencies are discussed above. Defendant thus is presenting an affirmation laced with falsehoods and rumor so that he might subject government officials to burdensome requests for irrelevant information. The Court reprimands Rodríguez'

counsel for engaging in such tactics.[5] The motion for discovery is denied.

In conclusion, the Court recognizes that counsel have an obligation to vigorously defend the interests of their clients. A vigorous defense should not include, however, spurious allegations based on second or thirdhand rumors and falsehoods. Such tactics do not advance the interests of clients or justice; they serve only to discredit the person using them.

WHEREFORE, based on all of the above and based on the reasons set forth in *United States v. Santana*, 83 F.Supp.2d 224; *United States v. Sotomayor Vazquez*, 69 F.Supp.2d 286 (D.P.R. 1999), Rodríguez' motion (docket no. 300) is hereby denied.[6]

**IT IS SO ORDERED.**

---

5. This motion was filed after Judge Fusté had issued his ruling on an identical motion in *United States v. Santana*, — F.Supp.2d —, 1999 WL 1191438. In his opinion, Judge Fusté ruled that Sandoval's affirmation contained information which was "patently incorrect." Notwithstanding Judge Fusté's finding regarding the truth of Sandoval's allegations, counsel for Rodríguez proceeded to file this motion. The Model Rules of Professional Conduct, which have been adopted by this Court, prohibit lawyers from offering evidence known to be false. *See* Model Rules of Professional Conduct Rule 3.3(a)(4). The Court could find that counsel has violated this provision. Instead, the Court will limit itself to advising counsel that he would do well in the future to be more circumspect before filing motions containing such spurious accusations.

6. The motion to dismiss was filed by Maria Sandoval. She is not Rodríguez' counsel of record, and she has never filed an appearance in this case on his behalf. Thus, the Court could also deny the motion on the grounds that it was improperly filed.