UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TURNER O. WILEY,

  *Plaintiff-Appellant,*

v.

UNITED PARCEL SERVICE,
INCORPORATED,

  *Defendant-Appellee.*

No. 00-1465

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, District Judge.
(CA-99-236-1)

Argued: February 28, 2001

Decided: April 27, 2001

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Kathleen G. Sumner, LAW OFFICES OF KATHLEEN
G. SUMNER, Greensboro, North Carolina, for Appellant. Jill Strick-
lin Cox, CONSTANGY, BROOKS & SMITH, L.L.C., Winston-
Salem, North Carolina, for Appellee. **ON BRIEF:** John J. Doyle, Jr.,
CONSTANGY, BROOKS & SMITH, L.L.C., Winston-Salem, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Turner Wiley filed an action in North Carolina Superior Court
against his employer, United Parcel Service, Inc. (UPS), alleging that
UPS had discriminated against him in violation of the Americans with
Disabilities Act (ADA), 42 U.S.C. § 2000e-2. Specifically, Wiley
claimed that UPS failed to reasonably accommodate his disability
(back and shoulder ailments and frequent urination due to seizure
medication). UPS removed the case to the U.S. District Court for the
Middle District of North Carolina on federal question and diversity of
citizenship grounds. Thereafter, both parties moved for summary
judgment. On March 20, 2000, prior to ruling on the motions, the dis-
trict judge met with the parties to discuss a possible settlement. The
settlement effort failed, however. On April 7, 2000, the district court
entered summary judgment in favor of UPS. The court held that UPS
fulfilled its duty to provide reasonable accommodations to Wiley. It
also concluded that Wiley's accommodation demands were unreason-
able and that he failed to engage in an "interactive process" with UPS
to identify suitable work arrangements to accommodate his disability.
Wiley appeals.

After considering the joint appendix, the briefs, and the oral argu-
ments of counsel, we are persuaded that the district court reached the
correct result. We therefore affirm substantially on the reasoning of
the district court. *See Wiley v. United Parcel Serv.*, No. 1:
99CV00236 (M.D.N.C. Apr. 7, 2000).

One new issue should be mentioned. Wiley argues for the first time
on appeal that the district judge should have recused himself once set-
tlement discussions broke down. Essentially, Wiley claims that the
district judge's participation in the settlement conference created an
appearance of partiality and therefore the judge should have recused
himself (on his own motion) before ruling on the parties' cross

motions for summary judgment. *See* 28 U.S.C. § 455(a). We review the judge's decision to retain the case for abuse of discretion, *see Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998), and we find that the judge acted well within the bounds of propriety.

Generally, a judge's participation in a settlement conference does not, by itself, create an appearance of partiality. *See In re Martinez-Catala*, 129 F.3d 213, 218 (1st Cir. 1997) (recognizing that judicial settlement conferences are "common occurrences" that are necessary to facilitate the resolution of litigation). Here, the district court judge simply conducted a settlement conference in an effort to achieve agreement between the parties. Wiley has not alleged any facts that would indicate that the judge's conduct during the settlement conference created an appearance of partiality. The judge was not required to recuse himself in these circumstances.

*AFFIRMED*