IN THE MATTER OF HENRY P. FARROW and JOHN S. BIGBY, claimants of the office of United States Attorney for the Districts of Georgia.

(*Circuit Court, N. D. Georgia.* July 17, 1880.)

1. POWER OF PRESIDENT TO FILL VACANCIES IN OFFICE—ART. 2, § 2, OF CONSTITUTION—REV. ST. § 1769.—The phrase "vacancies which may happen during the recess of the senate," found in section 2, art. 2, of the constitution, and section 1769 of the Revised Statutes of the United States, authorizing the president to fill vacancies in office, means "vacancies that may happen to exist during the recess of the senate."

2. SAME—DISTRICT ATTORNEY—REV. ST. § 793.—Section 793 of the Revised Statutes of the United States, providing that, "in case of a vacancy in the office of district attorney or marshal within any circuit, the circuit justice of such circuit may fill the same, and the person appointed by him shall serve until an appointment is made by the president, and no longer," does not oust the power of the president to appoint under section 2, art. 2, of the constitution, and section 1769 of the Revised Statutes of the United States, but merely authorizes the circuit justice to fill the vacancy until the president shall act.

The parties to this controversy agreed with each other to submit the same to the court without pleadings, and upon the following agreed statement of facts:

Henry P. Farrow held the office by appointment of the president, with the advice and consent of the senate, for a term which expired April 19, 1880, during the session of the senate. On the twenty-third day of April, 1880, Mr. Justice Bradley, circuit justice for the fifth circuit, appointed Mr. Farrow to the office, under the provisions of section 793 of the Revised Statutes of the United States, which appointment

Mr. Farrow accepted. He qualified under it, and now claims the office under it.

The president, on the ———— day of May, 1880, nominated John S. Bigby to the senate for the office. The senate adjourned on the sixteenth day of June, without acting on this nomination. On the sixth day of July, 1880, during the recess of the senate, the president issued a commission to Mr. Bigby for the office, which he accepted. On the twelfth day of July, 1880, he qualified under this commission, and now claims the office under it. The senate is still in recess.

The order of Mr. Justice Bradley, appointing Mr. Farrow, and the president's commission to Mr. Bigby, are before the court as parts of this statement, and also their oaths of office.

It was agreed that the foregoing statement should go before the court in lieu of pleadings and evidence, and that the court should thereon decide which of the claimants was entitled to the office.

*Amos T. Akerman*, for Henry P. Farrow.

*William H. Smith*, for John S. Bigby.

Woods, C. J. It is claimed by counsel for Farrow that the appointment by the president of Bigby was, under the facts of the case, beyond his constitutional power, and he cites the third paragraph of section 2, article 2, of the constitution of the United States, which declares: "The president shall have power to fill up all vacancies that may happen during the recess of the senate, by granting commissions, which shall expire at the end of their next session." He also relies upon section 1769, U. S. Revised Statutes, which declares: "The president is authorized to fill all vacancies which may happen during the recess of the senate, by reason of death or resignation or expiration of term of office, granting commissions which shall expire at the end of their next session thereafter." The contention is that the vacancy in the office of district attorney, which the president has undertaken to fill by the appointment of Bigby, did not happen during the recess of the senate, and therefore the power to fill it does not reside in the president.

On the other hand it is claimed that the phrase "vacancies

that may happen during the recess of the senate," when properly construed, means "vacancies which may happen to exist during the recess of the senate." In support of this latter view the practice of the executive department of the government for nearly 60 years is invoked, and the concurring opinions of 10 of the distinguished jurists who have filled the office of attorney general of the United States are cited.

The first opinion given upon this point is that of Mr. William Wirt, attorney general under President Monroe, (1 Op. 631,) in which he argues for the construction claimed in support of the president's action in this case. He says: "In reason, it seems to me perfectly immaterial when the vacancy first arose, for, whether it arose during the session of the senate or during their recess, it equally requires to be filled. The constitution does not look to the moment of the origin of the vacancy, but to the state of things at the point of time at which the president is called on to act. Is the senate in session? Then he must make a nomination to that body. Is it in recess? Then the president must fill the vacancy by a temporary commission. This seems to me the only construction of the constitution which is compatible with its spirit, reason, and purpose, while at the same time it offers no violence to its language, and these are, I think, the governing points to which all sound construction looks."

This opinion of Attorney General Wirt was concurred in by Mr. Roger B. Taney, attorney general under President Jackson. See his opinion dated July 19, 1832, (2 Op. 525.) Mr. Taney says, in construing that clause of the constitution under consideration: "It was intended to provide for those vacancies which might arise from accident, and the contingencies to which human affairs must always be liable; and if it falls out that from death, inadvertence, or mistake, an office required by law to be filled is, in recess, found to be vacant, then a vacancy has happened during the recess and the president may fill it. This appears to be the common sense and the natural import of the words used. They mean the same thing as if the constitution had said 'if there happen to be any vacancies during the recess.'"

It is not necessary to quote from the opinions upon this question of the other distinguished jurists who have filled the office of attorney general. I simply refer to them. They are the opinions of Mr. Hugh S. Legare, dated October 22, 1841, (3 Op. 673;) of Mr. John Y. Mason, dated August 10, 1846, (4 Op. 523;) of Mr. Caleb Cushing, dated May 25, 1855, (7 Op. 186;) of Mr. Edward Bates, dated October 15, 1862, (10 Op. 356;) of Mr. James Speed, dated March 25, 1865, (11 Op. 179;) of Mr. Henry Stanberry, dated August 30, 1866, (12 Op. 32;) and of Mr. William M. Evarts, dated August 17, 1868, (12 Op. 449.) I also refer to the well-considered and conclusive opinion of the present attorney general, Mr. Devens.

These opinions exhaust all that can be said on the subject. They were rendered upon the call of the executive department, and under the obligation of the oath of office, and are entitled to the highest consideration. In his opinion Mr. Bates says the power to fill vacancies which occur during the recess has been sanctioned, so far as he knows and believes, by the unbroken acquiescence of the senate. It is true, individual members of the senate have disputed the power, but not the senate itself. Congress has recognized the power by section 2 of the act of February 9, 1863, (Rev. St. § 1761,) which declares: "No money shall be paid from the treasury as salary to any person appointed, during the recess of the senate, to fill a vacancy in any existing office, if the vacancy existed while the senate was in session, and was by law required to be filled by and with the advice and consent of the senate, until such appointee has been confirmed by the senate."

The only authority relied on to support the other view is the case decided by the late Judge Cadwallader, the learned and able United States district judge for the eastern district of Pennsylvania. It is no disparagement to Judge Cadwallader to say that his opinion, unsupported by any other, ought not to be held to outweigh the authority of the great number which are cited in support of the opposite view, and of the practice of the executive department for nearly 60 years, the acquiescence of the senate therein, and the recognition of the power claimed by both houses of congress. I therefore shall

hold that the president had constitutional power to make the appointment of Bigby, notwithstanding the fact that the vacancy filled by his appointment first happened when the senate was in session.

The point, however, most strenuously urged in behalf of Farrow is that, the circuit justice having appointed him to fill the vacancy occasioned by the expiration of his own term of office, there was no vacancy to fill, and the president could not, therefore, appoint Bigby to fill a vacancy which did not exist. This claim brings up for consideration the proper construction of section 793, U. S. Revised Statutes. That section provides: "In case of a vacancy in the office of district attorney, or marshal, within any circuit, the circuit justice of such circuit may fill the same, and the person appointed by him shall serve until an appointment is made by the president, and the appointee is duly qualified, and no longer."

The result of this claim is that an appointment made by the circuit justice takes away the power of the president to appoint. In other words, that the power conferred by this section is precisely the same, in all respects, as that conferred on the president by the third clause of section 2, art. 2, of the constitution, and section 1769, U. S. Revised Statutes, *supra*. That is to say that congress has given the president and the circuit justice the power to fill the same office at the same time, and that the appointee holds for the same length of time under the appointment of either; that whether the appointment is to be made by the president or the circuit justice depends on which is swifter to act; that the power to appoint depends on the result of a scramble between the president of the United States and a justice of the supreme court. Such, it seems to me, could not have been the purpose of congress in enacting section 793. A glance at the section shows its object. It was not to enable the circuit justice to oust the power of the president to appoint, but to authorize him to fill the vacancy until the president should act, and no longer. The section expressly declares the term for which the appointee of the circuit justice shall serve, namely, until an appointment is made by the president. As

soon as such appointment is made his term under the circuit justice ends, and there is a vacancy in the office, which is simultaneously filled by the appointment which creates it. To say that the power given the circuit justice, to fill a vacancy until the president appoints, precludes the president from making the appointment, is, it seems to me, a very unwarranted construction of the statute. The meaning is clear. No paraphrase can make it clearer. The circuit justice may fill the vacancy, and the appointee holds under him until the president appoints the same or some other person. The term under the circuit justice then ceases, and the appointee holds, from that time on, under the appointment of the president.

My conclusion is, therefore, that, upon the agreed facts, the term of Farrow, under the appointment of the circuit justice, ended as soon as the president appointed Bigby and he was duly qualified, and that Bigby is entitled to the possession of the office.