**UNITED STATES of America,**
Appellant,

v.

**Ray VANCE and Mrs. Ray Vance,**
Appellees.

**No. 13400.**

United States Court of Appeals
Sixth Circuit.
June 2, 1958.

John C. Crawford, Jr., U. S. Atty., James M. Meek, John F. Dugger, Asst. U. S. Attys., Knoxville, Tenn., on brief, for appellant.

Hobart F. Atkins, Knoxville, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and BAZELON, Circuit Judges.

PER CURIAM.

The district court granted a new trial to the two appellees, husband and wife, after their conviction on a two-count indictment charging possession and concealment of untaxpaid whiskey in violation of the Internal Revenue laws, 26 U.S.C.A. § 7268. The basis of the court's action was that the indictment was considered invalid because it bore the signature of an assistant United States Attorney rather than that of the United States Attorney.

In our judgment, the ruling of the district court was clearly erroneous. As far back as 1924, in Miller v. United States, 6 Cir., 300 F. 529, this court held directly to the contrary. There, the indictment had been signed by an assistant district attorney in his own name only. The opinion of this court pointed out that there was no statute or inflexible practice requiring that an indictment be signed by the district attorney at all; that it would be sufficiently authenticated by being presented by the Grand Jury in open court, even if it were not also endorsed "A true bill" over the signature of the foreman. In Brown v. United States, 9 Cir., 257 F. 703, an information verified by an assistant United States Attorney was held not to be defective.

But it is urged that these decisions antedated the adoption of the Federal Rules of Criminal Procedure, wherein Rule 7(c), 18 U.S.C.A., provides: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. * * *" The argument is made that the United States Attorney alone was meant by the words "the attorney for the government." This argument has been rejected by the United States Court of Appeals for the Fourth Circuit in opinions promulgated since the adoption of Rule 7(c). Wheatley v. United States, 4 Cir., 159 F.2d 599–600; Wiltsey v. United States, 4 Cir., 222 F.2d 600–601. We are in accord with these two decisions.

Moreover, the Federal Rules of Criminal Procedure provide that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Rule 52(a). Even had the district court been correct in its interpretation of Rule 7(c), a new trial on an invalid indictment would not have been correct procedure. We are of opinion, however, that the indictment was valid, for the foregoing considerations and for the further reason that Rule 54(c) of the Federal Rules of Criminal Procedure provides specifically:

"Application of Terms. As used in these rules the term * * * 'Attorney for the government' means the attorney general, an authorized assistant of the attorney general, a United States attorney" and "*an authorized assistant of a United States attorney.* * * *"
[Emphasis added.]

Accordingly, the judgment of the district court is reversed; and the case is remanded for the imposition of sentence upon the defendants, on the jury verdict of guilty as to each on both counts of the indictment.