February 6, 1978

## 78-92 MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Recess Appointments—Constitution (Article II, § 2, cl. 3)—Legal Services Corporation—Effect of Statutory Holdover Provisions

This responds to your inquiry whether the holdover provisions of the Legal Services Corporation Act preclude the President from making recess appointments to its board of directors after the terms of the members have expired but while they were serving as holdovers. It is our conclusion that these provisions do not affect the President's power.

Section 2 of the Legal Services Corporation Act of 1974, Pub. L. 93-355, 88 Stat. 379, 42 U.S.C. § 2996c(b) (1976) provides that the term of office of the members of the board of directors of the Corporation is 3 years, except that 5 of the members first appointed have a term of 2 years.* The subsection continues: "Each member of the Board shall continue to serve until the successor to such member has been appointed and qualified." The President appointed five members of the Board for terms of 2 years beginning on July 14, 1975; the terms expired on July 13, 1977. No new appointments were made by the President during the first session of the 95th Congress. On January 19, 1978, prior to the opening of the second session of the 95th Congress, the President made recess appointments to those positions pursuant to Article II, § 2, cl. 3, of the Constitution. That clause provides in pertinent part:

> The President shall have Power to Fill up all Vacancies that may happen during the Recess of the Senate . . . .

The exercise of the power to make recess appointments thus presupposes the existence of a vacancy. One of the directors replaced by the President asserts that despite the expiration of his 2-year term on July 13, 1977, the position was not vacant because under the statute he continued to serve until his successor has been appointed and qualified.

---

*The members of the Board are appointed by the President with the advice and consent of the Senate. 42 U.S.C. § 2996c(a) (1976).

It has been the view of this Department, going back to the Attorney General's opinion of 1880 (16 Op. Atty. Gen. 538), that where the statutory term of an officer has expired, the interim filling of his position, either by a court appointment (United States Attorney) or by a holdover provision, does not fill a vacancy in the constitutional sense.

There are various methods designed to provide for the temporary performance of the duties of an officer after he has resigned or his term has expired. Among them are the temporary appointments by the courts as in the case of U.S. Attorneys and Marshals (28 U.S.C. §§ 546, 565) (1976), or holdover clauses as in the cases of United States Attorneys and Marshals (28 U.S.C. §§ 541(b), 561(b) (1976)), of territorial judges (48 U.S.C. §§ 1424(b), 1614 (1976)), and of most, if not all, regulatory commissions. Such a temporary performance after the expiration of the incumbent's statutory term, however, does not "fill" the vacancy. The office remains vacant and the President has the power to make appointments to it during a recess of the Senate. Were it otherwise the Senate could perpetuate in office one serving under a holdover provision by failing to confirm his successor. Moreover, Congress could deprive the President of his constitutional power to make recess appointments by the passage of legislation providing for the interim filling of the office. *See, Peck* v. *United States,* 39 Ct. Cl. 125, 134 (1904).

In 1880, the Attorney General ruled that the President had the power to make a recess appointment to the office of a United States Attorney although the position was then being temporarily filled by a court appointment pursuant to what is now 28 U.S.C. § 546 (1976). The Attorney General stated:

> . . . The authority given to fill the office to the circuit justice is an authority only to fill it until action is taken by the President. The office in no respect ceases to be vacant in the sense of the Constitution because of this appointment, for the reason that the appointment itself contemplates only a temporary mode of having the duties of the office performed until the President acts by an appointment.

> \* \* \* \* \* \* \*

> . . . The office is not the less vacant, so far as his power of appointment is concerned, when the only power conferred upon any one else is a power to make an appointment which shall entitle the appointee to serve until an appointment is made by the President, and no longer. [16 Op. A. G. 539-540 (1880).]

In an analogous situation arising at the same time in another judicial district, Mr. Justice Woods, sitting in circuit, came to the same conclusion as the Attorney General. *In re Farrow,* 3 Fed. 112, 116-117 (C.C. N.D. Ga., 1880).

The Department has consistently held that holdover provisions do not fill a vacancy but merely provide for a temporary method of ensuring the performance of the functions of the office after the expiration of the term of the

incumbent; hence, they do not prevent the President from exercising his constitutional authority to make recess appointments. In 1950, the Deputy Attorney General advised that the President had the power to make recess appointments to the Interstate Commerce Commission and the Reconstruction Finance Corporation, although the officials whose terms had expired were serving under holdover provisions. The Department's analysis in 1960 of bills containing holdover provisions with respect to several independent agencies concluded that those provisions would not interfere with the President's power to make recess appointments. Again, in 1972, the Department advised the Interstate Commerce Commission that the holdover provisions of the Interstate Commerce Act did not preclude the President from making recess appointments.

*Peck* v. *United States,* 39 Ct. Cl. 125, *supra,* cited by the General Counsel of the Legal Services Corporation, does not hold to the contrary. It stands only for the proposition that where there is no present vacancy one cannot be created by a recess appointment. The Presidential practice is fully in accord. For example, a United States Attorney cannot be removed during his statutory term by giving a recess appointment to a successor, the reason being that there is no vacancy to be filled. Accordingly, the President must first remove the incumbent. Where, however, a United States Attorney holds over, or serves under a court appointment, a vacancy exists. The President therefore can make a recess appointment that has the effect of removing an incumbent who is merely serving on a temporary basis. That rule governs here.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

400