103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael RISELAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1310.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD*, Circuit Judges.
 
 ORDER
 
 1
 Michael Riselay, a federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On February 5, 1993, Riselay pleaded guilty to conspiracy to distribute marijuana, pursuant to a Rule 11 plea agreement. The plea agreement provided, inter alia, that the attached worksheets represented the government's position only and that any sentence of incarceration would not exceed the mid-point of the sentencing guideline range that the court found to be applicable. Because he had previously been convicted of a state drug felony, the government had notified Riselay, pursuant to 21 U.S.C. § 851, of its intent to seek an enhanced penalty. On May 24, 1993, the district court sentenced Riselay to 68 months in prison, six years of supervised release, and $1950 restitution. The sentence fell below the mid-point of the guidelines sentencing range as determined by the district court and was affirmed by a panel of this court in an unpublished opinion. See United States v. Riselay, Nos. 93-1763/1884, 1994 WL 175770 (6th Cir. May 9, 1994), cert. denied, 115 S.Ct. 227 and 349 (1994).
 
 
 3
 In his motion to vacate, Riselay presented three grounds for relief: (1) his sentence was improperly enhanced because the notice under § 851 was defective; (2) the government breached an oral understanding underlying the plea agreement; and (3) counsel rendered ineffective assistance at the pretrial, plea negotiation, and sentencing stages. The district court rejected each of these grounds for relief in an order filed on December 21 and entered on December 22, 1993. A separate judgment was entered the same day.
 
 
 4
 On appeal, Riselay argues that his guilty plea was not knowingly and voluntarily made and that his sentence was improperly enhanced due to a defective § 851 notice.
 
 
 5
 Upon review, we affirm the district court's judgment because the arguments raised on appeal are patently meritless. The denial of a motion to vacate is reviewed de novo, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief under § 2255 on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). To warrant relief because of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the petitioner's plea. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). The record in this case does not meet these standards.
 
 
 6
 Riselay does not raise his ineffective assistance of counsel issue on appeal. Therefore, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, counsel's assistance was not ineffective for the reasons stated by the district court.
 
 
 7
 The government contends that Riselay did not present his involuntary guilty plea issue to the district court and so it should not be addressed in this appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). However, because the issue is totally baseless we choose to address it briefly.
 
 
 8
 A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Riselay's sole basis for arguing that his plea was not voluntarily and intelligently entered is that he interpreted the plea agreement and plea proceedings as guaranteeing him a 51-month sentence and was rudely surprised when, at sentencing, the district court sentenced him to 68 months instead. The express terms of the plea agreement itself and the transcript of Riselay's plea proceeding wholly refute this claim. Contrary to Riselay's repeated assertions, the plea agreement did not stipulate to a sentencing range of 46 to 57 months. Instead, the only stipulation presented under Rule 11(e)(1)(C) was that Riselay's prison term "not exceed the mid-point of the sentencing range that the court finds to be applicable " (emphasis added).
 
 
 9
 In addition, and despite counsel's unwarranted comments concerning the district court, an examination of the transcript of the plea proceeding establishes that Judge Cleland bent over backwards to make certain that Riselay understood the plea and sentencing process, the terms of his plea agreement, and the rights he was waiving. Counsel totally misrepresents the example provided by Judge Cleland, which utilized the sentencing range suggested by the government, and transforms it into a guarantee of a 51-month prison term. During the plea colloquy, Judge Cleland repeatedly and clearly explained to Riselay that the only guarantee he had was a sentence no higher than the mid-point of whatever sentencing range the judge would find appropriate, and that this range could well be higher than the 46 to 57-month range found in the worksheets. Riselay responded, under oath, that he understood, that no one had told him he was going to receive "some particular solid sentence" as a result of his guilty plea and that there were no "side deals." Riselay is held to the terms of his agreement as openly and unequivocally declared in open court. Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). There is absolutely no basis in the record for a finding that Riselay did not enter a valid guilty plea.
 
 
 10
 Riselay's second argument on appeal--that the district court lacked jurisdiction to sentence him to an enhanced penalty because of an allegedly defective notice under 21 U.S.C. § 851--is equally baseless. The government properly argues that this issue regarding the signature on the § 851 notice is an antecedent, nonjurisdictional defect that was waived by the entry of Riselay's valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). Riselay does not (and cannot) argue that he was not timely served with the § 851 notice. Instead, he merely complains that the signature on the notice was that of an Assistant United States Attorney instead of the United States Attorney. This situation is analogous to that where an Assistant United States Attorney, instead of the United States Attorney, signs a grand jury indictment. This court and others have held that the failure of the United States Attorney to sign the indictment is a non-jurisdictional defect that is waived by a plea of guilty. United States v. Adu, 82 F.3d 119, 123 (6th Cir.1996); United States v. Bell, 966 F.2d 914, 915 (5th Cir.1992). Furthermore, it has been explicitly held that the signature of an Assistant United States Attorney is sufficient to indicate the necessary agreement of the United States Attorney with the grand jury's action. United States v. Easton, 937 F.2d 160, 161-62 (5th Cir.1991), cert. denied, 502 U.S. 1045 (1992). Even the complete lack of a signature on the indictment does not affect the defendant's substantial rights and should be disregarded. United States v. Vance, 256 F.2d 82, 83 (6th Cir.1958) (per curiam). If the signature of an Assistant United States Attorney is constitutionally sufficient to put a defendant on notice of the charges filed against him, it is certainly sufficient to put him on notice that he may be subject to an enhanced penalty.
 
 
 11
 Accordingly, the district court's judgment, entered on December 22, 1995, is affirmed.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation