**UNITED STATES of America,
Plaintiff,**

v.

**Yamil H. KOURI–PEREZ (01),
Jeannette Sotomayor Vazquez
(02), Defendants.**

**No. Crim. 97–091(JAF).**

United States District Court,
D. Puerto Rico.

Feb. 1, 1999.

Maria A. Dominguez Victoriano, Asst. U.S. Attorney, Guillermo Gil, U.S. Attorney, San Juan, PR, for plaintiff.

Benny Frankie Cerezo, San Juan, PR, for Kouri–Perez, defendant.

Francisco Rebollo–Casalduc, San Juan, PR, for Sotomayor–Vasquez, defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Defendants, Dr. Yamil Kourí–Pérez and Jeannette Sotomayor–Vázquez, are charged with participating in a money laundering scheme in violation of 18 U.S.C. § 1956. Defendants move for an order dismissing their indictment pursuant to Fed.R.Crim.P. 7(c)(1), 12(b), and 54(c); Article II, Section 2, clauses 2 and 3 of the United States Constitution, U.S. Const. Art. II, § 2, cl. 2 and 3; and 28 U.S.C. § 541(a), alleging that their indictment (1) was illegally authorized, and (2) is unconstitutional.

## I.

### Relevant Facts

Daniel López–Romo resigned as United States Attorney ("U.S.Attorney") for the District of Puerto Rico in 1993. At that time, United States Attorney General Janet Reno appointed Charles Fitzwilliams as temporary U.S. Attorney pursuant to 28 U.S.C. § 546(a). After the one-hundred-and-twenty-day statutory period for Fitzwilliams' appointment expired, 28 U.S.C § 546(c), the Judges for the District Court in Puerto Rico appointed Mr. Guillermo Gil as interim U.S. Attorney pursuant to 28 U.S.C. § 546(d). Mr. Gil's appointment was filed with the Clerk of this Court on September 10, 1993, as required by 28 U.S.C. § 546(d), effective September 9, 1993 and until a successor is duly appointed, confirmed, and sworn. The President of the United States has not sent a nomination for U.S. Attorney for the District of Puerto Rico to the U.S. Senate for confirmation. The appointment of a U.S. Attorney and a district judge for the district are caught up in the political imbroglio that has prevailed here since President Clinton first took office.

On February 11, 1998, the grand jury returned a Second Superseding Indictment ("the indictment") against Defendants. Only Assistant U.S. Attorney ("AUSA") Chief for the Criminal Division Jorge E. Vega–Pacheco and AUSA María A. Domínguez signed the indictment.

Defendants allege that the indictment (1) was illegally authorized by interim U.S. Attorney Gil, and (2) is unconstitutional under the Appointments Clause, U.S. Const. Art. II, § 2, and the principle of separation of powers.

## II.

### Authorization of Defendants' Indictment

The grand jury is charged with issuing indictments in all criminal cases. Fed. R.Crim.P. 6(f). "The very purpose of the requirement that a defendant be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either [the] prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

■ Federal Rule of Criminal Procedure 7(c)(1) specifies that an "attorney for the government" sign every indictment.[1] "The signature performs the function of

---

1. Fed.R.Crim.P. 7(c)(1) provides that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense

attesting to the action of the grand jury." *U.S. v. Gold,* 470 F.Supp. 1336, 1354 (N.D.Ill.1979) (citing *Crowley v. United States,* 194 U.S. 461, 475, 24 S.Ct. 731, 48 L.Ed. 1075 (1904)). By signing the indictment, the attorney for the government unites the government with the grand jury for the purpose of commencing the criminal proceeding. *Gold,* 470 F.Supp. at 1337. Nevertheless, no federal rule exists which demands that a U.S. Attorney sign every indictment and, in this case, the U.S. Attorney did not sign the indictment. To the contrary, Fed.R.Crim.P. 7(c)(1) explicitly recognizes the signature of an *"attorney for the government"* as the necessary signatory authority for an indictment. *See also United States v. Santarpio,* 560 F.2d 448, 451 n. 2 (1st Cir.1977) (dismissing argument that indictments signed by Special Attorney were deficient under Fed.R.Crim.P. 7(c)); *United States v. Easton,* 937 F.2d 160 (5th Cir.1991) (holding that failure of U.S. Attorney to sign indictment is a nonjurisdictional defect); *United States v. Vance,* 256 F.2d 82 (6th Cir.1958) (holding that indictment was valid, even though it bore the signature of an AUSA, rather than that of the U.S. Attorney).

■ Federal Rule of Criminal Procedure 54(c) defines "attorney for the government" as "the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, [or] an authorized assistant of a United States Attorney...." Fed.R.Crim.P. 54(c). In this case, AUSAs Vega–Pacheco and Domínguez signed the indictment. Both AUSA Vega–Pacheco and AUSA Domínguez are career prosecutors and "attorneys for the government" in accordance with Fed.R.Crim.P. 54(c). Therefore, Defendants' indictment is not legally flawed.

### III.

### *Constitutional Claims*

■ We find that Defendants' indictment is completely legal. Accordingly, we

charged. *It shall be signed by the attorney for the government ...."* Fed.R.Crim.P. 7(c)(1)

refrain from addressing the constitutional claims presented. *Ashwander v. TVA,* 297 U.S. 288, 346, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (stating that [courts] should avoid deciding constitutional issues where there are nonconstitutional grounds for a decision); *Railroad Commn. of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *United States v. Gertner,* 65 F.3d 963, 973 (1st Cir.1995) (stating that while mindful of "restricting [the] disposition to this narrow ground leaves larger issues unresolved ... [t]he judicial task, properly understood, should concentrate on those questions that must be decided in order to resolve a specific case") (internal citations omitted).

### IV.

### *Conclusion*

In accordance with the foregoing analysis, we **DENY** Defendants' motion to dismiss the indictment.

**IT IS SO ORDERED.**