**UNITED STATES of America,
Plaintiff,**

v.

**Roberto RUIZ RIJO, et al., Defendants.**

**No. Crim. 99–118 PG.**

United States District Court,
D. Puerto Rico.

Feb. 17, 2000.

Warren Vázquez, Assistant U.S. Attorney, U.S. Attorney's Office, Criminal Division, San Juan, PR, Timothy Vasquez, Assistant U.S. Attorney, U.S. Attorney's Office, Criminal Division, San Juan, PR, for U.S.

Joseph C. Laws, Federal Public Defender, San Juan, PR, for Leonel Valdes–Santana.

Maria H. Sandoval, San Juan, PR, for Roberto Ruiz–Rijo.

Lydia Lizarribar–Buxó, San Juan, PR, for Juan Jimenez De La Rosa.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Defendant has filed a motion requesting a Stay of Trial Pending Resolution of Appeal of *United States v. Fermin Hilario*, Crim. No. 99–16(CCC) Pending Before the Court of Appeals. (Dkt.48) Previously, Defendant had filed a motion questioning the appointment of United States Attorney Gil and his actions in that position during the period of his interim appointment, thereby invoking the constitutionality of 28 U.S.C. § 546(d), as well as the motion requesting that all Judges and Magistrate Judges of the District Court for the District of Puerto Rico recuse themselves from passing on Defendant's motions. The Court subsequently denied Defendant's motion.

That same issue that has recently been addressed by this Court in *United States v. Kouri–Perez*, 47 F.Supp.2d 164 (D.P.R. 1999), *United States v. Sotomayor Vazquez*, 69 F.Supp.2d 286 (D.P.R.1999), *United States v. Santana*, No. 99–97(JAF), 1999 U.S. Dist. LEXIS 19149 (D.P.R. Nov. 4, 1999), *United States v. Rodriguez–Sosa, et al.*, 78 F.Supp.2d 20 (D.P.R.1999), *United States v. Ruiz Rijo*, No. 99–118(PG) (D.P.R. Dec. 17, 1999), *United States v. Vigil*, No. 99–244(PG) (D.P.R. Jan. 10, 2000), and *United States v. Cantillo Zapata*, No. 99–143(PG) (D.P.R. Jan. 13, 2000). In each of those cases Defendant's motion was denied. The Court has made it's opinion clear. *But see United States v. Fermin Hilario, et al.*, No. 99–16(CCC) (D.P.R. Feb. 11, 2000). Consistent with our prior decisions the Court denies Defendant's motion for a stay of trial.

At the outset, the Court notes that United States Attorneys, which include interim United States Attorneys, have consistently been held to be inferior officers of the United States. *See Morrison v. Olson*, 487 U.S. 654, 671–77, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988); *Edmond v. United States*, 520 U.S. 651, 662–63, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997); *United States v. Gantt*, 194 F.3d 987, 999–1000 (9th Cir.1999) ("*Gantt II* "); *United States v. Sotomayor Vazquez*, 69 F.Supp.2d at 291. *See also United States v. Solomon, et al.*, 216 F.Supp. 835, 841 (S.D.N.Y.1963) (strongly intimating that United States Attorneys are inferior officers). *But see United States v. Fermin Hilario, et al.*, No. 99–16(CCC) (distinguishing *United States v. Gantt*, 179 F.3d 782 (9th Cir. 1999), *amended and superseded by* 194 F.3d 987 (9th Cir.1999) ("*Gantt I* "), and disputing *Solomon* ). The Constitution does not use the term "inferior" in the sense of petty or unimportant. Rather, an inferior officer is one who is a subordinate to a principal officer. *Gantt II*, 194 F.3d at 999 (citing *Collins v. United States*, 14 Ct.Cl. 568, 574 (1878)). The Attorney General, as the Chief Enforcement Officer in the United States, is in charge of all United States Attorneys and it is she who is the superior to any and all United States Attorneys. Hovering above these issues and decisions is the understanding that the President retains the power to appoint and/or replace Mr. Gil at a time of his, not a court's, choosing:[1]

> "the exercise of the appointive power by the judiciary in no wise binds the executive. The statute clearly contemplates that the executive branch is free to choose another United States Attorney at any time, the judicial appointment notwithstanding. 'It was not to enable the circuit justice to oust the power of the president to appoint, but to authorize him to fill the vacancy until the President should act, and no longer' *In re Farrow*, 3 F. 112 (C.C.N.D.Ga.1880).

---

1. With the advice and consent of the Senate, of course. The Court also notes that Defendant's challenge to the constitutionality of Gil's appointment as interim United States Attorney is a nonjurisdictional claim which may be waived. *See U.S. v. Colon–Munoz*, 192 F.3d at 218.

'The authority given to fill the office of the circuit justice is an authority only to fill it until action is taken by the President.' 16 Ops. Att'y Gen. [538,] 540 [ (1880) ]."

*United States v. Solomon, et al.,* 216 F.Supp. 835, 842–42 (S.D.N.Y.1963) (quoting *United States v. Mitchell,* 136 F. 896, 906 (C.C.D.Or.1905)). To date, the President has yet to take action regarding a United States Attorney in Puerto Rico.

The Supreme Court in *Morrison v. Olson,* "disagree[d] with the [ ] conclusion that there is an inherent incongruity about a court having the power to appoint prosecuting officers." 487 U.S. at 676, 108 S.Ct. 2597. The *Morrison* Court took it a step further in an accompanying footnote: "Indeed, in light of judicial experience with prosecutors in criminal cases, it could be said that courts are especially well qualified to appoint prosecutors." *Id.* at 676 n. 13, 108 S.Ct. 2597. More important to this discussion, "Congress itself has vested the power to make these interim appointments in the district courts." *Id.* at 676, 108 S.Ct. 2597.

The Court does not believe the constitutionality of Mr. Gil's appointment controls the validity of an indictment. Even assuming that Mr. Gil's appointment is unconstitutional, Defendant's remedy would not be the dismissal of his indictment, for the appointment does not affect Defendant's basic constitutional rights.[2] *See U.S. v. Colon–Munoz,* 192 F.3d 210, 217–18 n. 9 (1st Cir.1999). *See also United States v. Boruff,* 909 F.2d 111 (5th Cir. 1990), *reh'g denied,* 1990 U.S.App. LEXIS 17004, *cert. denied,* 499 U.S. 975, 111 S.Ct. 1620, 113 L.Ed.2d 718 (1991) (Court af-

firmed conviction although no government attorney had signed a superseding indictment because error did not affect defendant's substantial rights). This must be the finding, for the indictment remains valid with or without Mr. Gil's signature, as there is no rule that requires that the United States Attorney sign any indictment. On the contrary, the rules specifically provide that a criminal indictment signed by an assistant United States Attorney is valid. *See* FED.R.CRIM.P. 7(c)(1) & 54(c).

Rule 7(c)(1), where applicable, reads: "The indictment ... shall be signed by the attorney for the Government." This alone might give a court pause in determining whether the signature of the United States Attorney is a requirement. However, Rule 54(c) removes any such doubt. Rule 54(c) defines "attorney for the government" as "the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, [or] *an authorized assistant of a United States Attorney.*" A plethora of courts have decided that the signature of a United States Attorney is not required in order to validate an indictment, *including the First Circuit Court of Appeals* just this past year. *See United States v. Colon–Munoz,* 192 F.3d at 218 (quoting *United States v. Gantt,* 179 F.3d 782, 786–87 (9th Cir.1999), the court approved the holding that "constitutionality of § 546(d) would not affect the validity of indictments ... as indictments need only be signed by an attorney for the government."); *Gantt II,* 194 F.3d 987, 998 (9th Cir.1999) (an "infirmity" in a United States Attorney's appointment does not affect the jurisdiction of the court "so long as a proper representative of the government

---

2. An error does not affect substantial rights "unless it was 'prejudicial,' meaning that 'it must have affected the outcome of the district court proceedings.' " *United States v. Perez–Montanez,* 202 F.3d 434, 442–43 (1st Cir. 2000) (quoting *United States v. Colon–Munoz,* 192 F.3d at 222). The Court fails to see how Mr. Gil's appointment has any bearing on Defendant's indictment. Defendant's argument would render any indictment issued by

a grand jury in a district without *any* United State Attorney, invalid. In other words, without a current or interim United States Attorney in place, the office could not function. The law nor logic support this proposition. In short, Defendant has "not come close to making a convincing showing of prejudice." *United States v. Perez–Montanez,* 202 F.3d at 442–43.

participated in the action."); *United States v. Adu,* 82 F.3d 119, 123 (6th Cir.1996) (citing Rules 7(c)(1) & 54(c), held that "attorney for the government" is defined to include "an authorized assistant of a United States Attorney."); *United States v. Kouri–Perez,* 47 F.Supp.2d 164, 166 (D.P.R.1999) (FED.R.CRIM.P. 7(c)(1) explicitly allows assistant U.S. Attorney to sign an indictment); *United States v. Vance,* 256 F.2d 82 (6th Cir.1958) (holding indictment valid though it was signed by an assistant U.S. Attorney and not the U.S. Attorney himself); *U.S. v. Easton,* 937 F.2d 160, 161–62 (5th Cir.1991), *cert. denied,* 502 U.S. 1045, 112 S.Ct. 906, 116 L.Ed.2d 807 (1992) (signature of assistant U.S. Attorney is sufficient). *See also United States v. Plesinski,* 912 F.2d 1033, *cert. denied,* 499 U.S. 919, 111 S.Ct. 1306, 113 L.Ed.2d 241 (1991) (where a state deputy attorney general, defectively appointed as a Special Assistant United States Attorney, took part in a federal drug prosecution from indictment to sentencing as an assistant prosecutor. Notwithstanding a defect in his appointment, the court found no error in the lower court's refusal to dismiss the indictment or in refusing to disqualify the assistant prosecutor).

In the end, practical, as opposed to technical, considerations decide the validity of an indictment. *See United States v. Chilcote,* 724 F.2d 1498, 1505 (11th Cir.1984), *cert. denied,* 467 U.S. 1218, 104 S.Ct. 2665, 81 L.Ed.2d 370 (1984). Here, the constitutionality of Mr. Gil's appointment notwithstanding, the indictment is valid. To hold otherwise would be to reverse over hundred years of precedent while at the same time handcuffing federal prosecutors in Puerto Rico, in effect rending them impotent. The Court is unable to do so, practically speaking, without serious constitutional rights being affected. That is not the case here.

In view of the ruling of this Court, this and all other criminal cases assigned to this judge will go forward, for as the dis-cussion above makes clear, nothing has occurred to invalidate any indictments during Mr. Gil's tenure in office. Wherefore, Defendant's Motion for Stay of Trial is DENIED.

**IT IS SO ORDERED.**