OPINION AND ORDER
 

 FUSTE, District Judge.
 

 Defendant Ramón Luciano del Rosario is charged with possession with intent to distribute seven-hundred kilograms of cocaine pursuant to 21 U.S.C. §§ 841(a)(1) (1978) and 952(a) (1984) and 18 U.S.C. § 2 (1951). Defendant moves to dismiss his indictment premised on the argument that the appointment of Mr. Guillermo Gil as interim United States Attorney of the District of Puerto Rico is unconstitutional. Specifically, he alleges that: (1) the interim appointment violates the Appointments Clause of the United States Constitution, U.S. Const, art. II, § 2, cl. 2; (2) Title 28 of the United States Code, section 546(d) is unconstitutional on its face because it violates the separation of powers doctrine; (3) the interim appointment violates Congress’ intent in enacting 28 U.S.C. §§ 541 (1966) and 546 (1986); and (4) we lack subject matter jurisdiction because Mr. Gil’s unconstitutional appointment is both a structural and a jurisdictional defect. Defendant maintains that since the interim appointment is unconstitutional, any delegation of power from interim United States Attorney Gil to any Assistant United States Attorney is also invalid. Thus, any indictments returned under Mr. Gil’s purportedly false authority are equally invalid and should be dismissed.
 

 I.
 

 Relevant History
 

 Mr. Daniel López-Romo resigned as United States Attorney (“U.S.Attorney”) for the District of Puerto Rico in 1993. At that time, United States Attorney General Janet Reno appointed Mr. Charles Fitzwil-liam as temporary U.S. Attorney pursuant to 28 U.S.C. § 546(a). After the one hundred-and-twenty-day statutory period for Mr. Fitzwilliam’s appointment expired,
 
 see
 
 28 U.S.C. § 546(c), the Judges for the District Court in Puerto Rico appointed Mr. Gil as interim U.S. Attorney pursuant to 28 U.S.C. § 546(d). Mr. Gil’s appointment was filed with the Clerk of this Court on September 10, 1993, as required by 28 U.S.C. § 546(d). As of the date of this Opinion and' Order, the President of the United States has not sent a nomination for U.S. Attorney for the District of Puer-to Rico to the U.S. Senate for confirmation.
 

 On April 14, 1999, the grand jury returned an indictment against Defendant. Assistant United States Attorneys (“AUSA”) Timothy S. Vasquez and Miguel Pereira signed the indictment. Interim United States Attorney Gil did not sign the indictment, although his name appears on every federal indictment issued in Puer-to Rico.
 

 II.
 

 Defendant’s Motion
 

 We have comprehensively explored the issues which Defendant now presents,
 
 see United States v. Kouri-Perez,
 
 47 F.Supp.2d 164 (D.P.R.1999);
 
 United States v. Sotomayor Vazquez,
 
 69 F.Supp.2d 286 (D.P.R.1999),
 
 appeal docketed,
 
 No. 00-1096 (1st Cir. Feb. 11, 2000), and they are now on appeal to the First Circuit. However, Defendant raises his arguments following a contrary opinion issued by another Judge of this District.
 
 See United States v. Fermin Hilario,
 
 83 F.Supp.2d 263 (D.P.R. 2000). While that opinion is neither binding authority nor of any effect upon this court, we address Defendant’s current motion in anticipation of the landslide of motions which we expect to receive concerning this issue.
 
 [1]
 

 
 *173
 
 A.
 
 United States v. Fermín Hilario
 

 There should be no real need to reconcile our Opinion and Order with
 
 Fermín Hilario,
 
 as the court in that decision purportedly did not engage in a constitutional analysis, which was the foundation of our previous ruling.
 
 Compare Sotomayor Vazquez,
 
 69 F.Supp.2d at 286,
 
 with United States v. Fermin Hilario,
 
 83 F.Supp.2d 263(D.P.R. 2000). However, the
 
 Hilario
 
 court did attempt a wide swipe at constitutional analysis. Thus, we will clarify any issues which assist in reaching our conclusion today.
 

 We begin by noting that the
 
 Hilario
 
 court was addressing the question of whether the interim United States Attorney appointment in Puerto Rico has become
 
 de facto
 
 permanent by virtue of its duration. The court’s reasoning is based upon its interpretation of Congress’ intent in enacting the two statutes at issue. The court found that section 541 is an exercise of congressional authority in accordance with the Appointments Clause, and, concomitantly, section 546 was enacted under the authority of the Excepting Clause.
 
 See Hilario,
 
 at 269-70. Therefore, the court concludes that there are two distinct bases of authority which cannot be merged. In other words, the appointment of United States Attorneys is categorically different than that of interim United States Attorneys. Resultantly, any classification, for appointment purposes, which jointly classifies the two, creates a scenario in which the exception subsumes the rule.
 
 See Id.
 
 at 270.
 

 In essence, we understand the opinion to be saying that United States Attorneys are principal officers and interim United States Attorneys are simply the exception to the normal process.
 
 [2]
 
 Thus, implicitly, the court accepts the constitutionality of interim United States Attorneys. Nevertheless, the essence of the opinion is that current interim United States Attorney Gil’s appointment has subverted the mandated appointment process, and violated Congress’ intent in enacting sections 541 and 546.
 

 We strenuously disagree, as we previously stated. The
 
 Hilario
 
 court seems to be avoiding the basic premise of our conclusion: Since all United States Attorneys are inferior officers, Congress is free to mandate the method of their appointment. As such, Congress has determined that United States Attorneys are appointed by the President and then approved by the
 
 *174
 
 Senate,
 
 see
 
 28 U.S.C. § 541, and interim United States Attorneys may be appointed by the Attorney General or, subsequently, by the district judges of the respective jurisdiction.
 
 See
 
 28 U.S.C. § 546. This determination comports in all manners with the Appointments Clause.
 
 See Sotomayor Vazquez,
 
 69 F.Supp.2d at 281-92.
 

 We are simply left to conclude that the
 
 Hilario
 
 court is attempting to create a distinction to justify its result.
 
 See Plyler v. Doe, 457
 
 U.S. 202, 244, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) (Justice Burger, dissenting) (“If ever a court was guilty of an unabashedly result-oriented approach, this case is a prime example.”). This is further reinforced by the court’s earlier opinions which are in direct opposition to
 
 Hilario. See United States v. Jinete Vargas,
 
 Crim. No. 94-0231(CCC) (D.P.R. Sept. 13, 1999);
 
 United States v. Nogueras-Cartagena,
 
 Crim. No. 96-0104(CCC) (D.P.R. May 18, 1999). In both cases, the same court denied the motion on the grounds that the issue was on appeal before the First Circuit.
 
 See Nogueras-Cartagena,
 
 Crim No. 96-0104 at
 
 Docket Document No. 288
 
 (“The Court understands that the matter raised in these motions should be finally determined by the Court of Appeals.”). Both of these orders occurred in 1999, six years into Mr. Gil’s current occupancy of the interim United States Attorney position. Thus, we are baffled by the sudden change in position. Moreover, as alluded to before, the
 
 Hilario
 
 court digs deeply into the annals of the statute’s legislative history, as well as federalist principles. While undoubtedly a basis of our jurisprudential system, these sources seemed to have been unearthed by the court for any support whatsoever of its position, despite the fact of existing, relevant, and more recent authority.
 

 Finally, the
 
 Hilario
 
 court has issued a mandate to the President, the highest executive official, to “discharge[ ] the authority and assumie[ ] the responsibility vested upon [the executive branch] by Congress pursuant to 28 U.S.C. §. 541(a)” because “[t]o further prolong this interim appointment constitutes an abdication of such duty” which is “both unwise and unfair.”
 
 Hilario,
 
 at 270. We find this to be a clear violation of the separation of powers doctrine and an attempt at aggrandizement of the district court’s power while encroaching upon Executive authority. We refrain from venturing into such constitutionally circumscribed terrain.
 

 B.
 
 Constitutional Issues
 

 Defendant contends that interim United States Attorney Gil's appointment violates both the Appointments Clause, U.S. Const, art. II, § 2, cl. 2, and the separation of powers doctrine. Defendant’s Appointments Clause argument rests upon the contention that United States Attorneys are “principal” officers and, thus, require Presidential appointment with the advice and consent of the Senate. As previously stated, we have fully dealt with precisely this issue and continue to stand behind our original conclusion.
 
 See Sotomayor Vazquez,
 
 69 F.Supp.2d at 288-92.
 

 Defendant also maintains that section 546(d) is unconstitutional on its face because it violates the separation of powers doctrine. Specifically, Defendant maintains that it is “incongruous” for the judiciary to appoint interim United States Attorneys because the judges would be adopting a stance that is inapposite with their obligations of impartiality. Again, we have fully disposed of this issue in our earlier Opinion and Order,
 
 see id.
 
 at 292-95, and remain convinced that this is the proper determination.
 

 C.
 
 Violation of Congressional Intent
 

 Defendant’s next argument, based upon
 
 Hilario,
 
 is that the duration of interim United States Attorney Gil’s appointment violates Congress’ intent in enacting sections 541 and 546. As we discussed previously,
 
 see supra
 
 11(A), we disagree with the holding and reasoning of that case. We, accordingly, refer to our original dis
 
 *175
 
 position of the matter.
 
 See Sotomayor Vazquez,
 
 69 F.Supp.2d at 295-96.
 

 D.
 
 Lack of Subject Matter Jurisdiction
 

 Defendant’s final contention is that we lack subject matter jurisdiction because interim United States Attorney Gil’s appointment is unconstitutional. We need not reach the merits, if any exist, of this argument, since we find the appointment to be constitutional. Respectively, we also find any delegation of power by interim United States Attorney Gil to be constitutional and all indictments issued under his authority to be valid.
 

 III.
 

 Conclusion
 

 In accordance with the foregoing, we DENY Defendant’s motion to dismiss his indictment. This Opinion and Order disposes of
 
 Docket Document No. 71.
 

 IT IS SO ORDERED.
 

 [1]
 

 . We have also received a number of motions, based upon interim United State Attorney Gil’s status, asking for a variety of remedies. These motions include: A motion to slay trial pending the appeal of
 
 Hilario, see United States v. Carlos Santana,
 
 Crim. No. 99-097(JAF),
 
 Docket Document No. 70;
 
 a motion for judgment of acquittal, arrest of judgment or a new trial,
 
 see United States v. Garib-Bazaín,
 
 Crim. No. 97-091(JAF),
 
 Docket Document No. 1241;
 
 and six motions to dismiss indictments,
 
 United States
 
 v.
 
 De León,
 
 Crim. No. 99-151(JAF),
 
 Docket Document No. 24; United States v. Vélez-Claudio,
 
 Crim. No. 99-125(JAF),
 
 Docket Document No. 603; United States v. Martínez-Medina,
 
 Crim. No. 99-267(JAF),
 
 Docket Document No. 72; United States v. Arizmendi-Vélez,
 
 Crim No. 97-284(JAF),
 
 Docket Document No. 607; United States v. Julio Ortiz-Guevara,
 
 Crim. No. 94-017(JAF),
 
 Docket Document No. 424,
 
 and
 
 United States v. Gian Enrique Rojas-Matos,
 
 Crim. No. 99-326(JAF),
 
 Docket Document No. 62.
 
 For the reasons enunciated in this Opinion and Order, we are also denying these motions.
 

 [2]
 

 . The court never explicitly states that it is employing a principal/inferior officer distinction. To the contrary, the court denounces use of that distinction. We can only surmise that it does so because to accept more recent precedential case law would thwart the end goal of declaring Mr. Gil's appointment to be unconstitutional. The court instead relies upon much older authority, while ignoring the more recent cases which speak to this issue. That being so, the court somewhat retrenches from its position by citing cases such as
 
 Buckley v. Valeo,
 
 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (per curiam), and
 
 Edmond v. United States,
 
 520 U.S. 651, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997), and quoting the principal/inferior language of at least one of these cases.
 
 See Hilario,
 
 at 265.